```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOYCE SMITH, INDIVIDUALLY,                            CIVIL ACTION
AND REQUESTED ON BEHALF OF
HER DECEASED FATHER, JAMES M.
SMITH


VERSUS                                                NO: 07-991


CANAL INSURANCE COMPANY,                              SECTION: R(5)
SYLVESTER STEWART TRUCKING,
INC. AND LARRY STOREY
```

**ORDER**

Before the Court are defendants' motion for leave to file their motion for reconsideration and the attendant motion for reconsideration. (R. Doc. 40-4.) On May 14, 2008 defendants moved for summary judgment. (R. Doc. 27-2.) Plaintiffs filed their opposition motion on the merits on June 2, 2008. (R. Doc. 36.) Defendants filed their motion past the deadline for filing pretrial motions set forth in the scheduling order. The Court initially denied defendants' motion as untimely. Pretrial motions were to be filed so that they could be heard no later than May 14, 2008 in advance of the June 23, 2008 trial date and June 12,

2008 pretrial conference. Defendants were supposed to have filed their motion by April 29, 2008 pursuant to the Local Rules. Instead, they filed it on the final hearing date.

The Court GRANTS defendants' motion for leave and now takes up their motion for summary judgment on the merits. It does so despite the effect of the defendants' lateness on the Court's ability to deal with the merits of matters in other cases that were timely filed and despite the weak reasons given for their failure to comply with the scheduling order. Upon review of the pleadings and submitted affidavits, the Court DENIES defendants' motion because there are issues of material fact that preclude summary judgment.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 178 (5th Cir.1990) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex,* 477 U.S. at 325; *Lavespere,* 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex,* 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

This case arises out of a motor vehicle accident in which a semi-tractor trailer struck and killed a pedestrian. Among the disputed issues of fact is the overarching question of whether Larry Storey, the driver of the 18-wheeler involved in the accident, took all appropriate actions to avoid hitting James Smith, the pedestrian killed in the accident. Defendants contend that Storey did everything he could to avoid Smith. Conversely, plaintiffs claim that Storey did not do all he could to avoid the accident, specifically alleging that he failed to exercise due care. (R. Doc. 36 at 7.) It is an open question whether Story could have slowed down to avoid hitting Smith and whether he could have stopped his truck altogether. Defendants assert that

Storey began to slow his vehicle as soon as he saw Smith in the road trying to help an injured animal out of traffic. (R. Doc. 27-2 at 7.) But in Storey's deposition, he admitted that he saw Smith in the road and instead of attempting to bring his vehicle and trailer to a complete stop, he continued driving toward Smith and honked his horn at Smith. Storey continued toward Smith, albeit at a slower rate of speed, and swerved onto the shoulder. Whether Storey acted reasonably under the circumstances is an issue for the trier of fact.

Another genuine factual dispute exists over whether and for how long Smith was conscious after the accident and whether he suffered any pain. Defendants contend that Smith was not conscious after the accident because a witness said he had no pulse. But Monica DeRouen, an eyewitness, stated in a deposition that she saw Smith breathing after he was hit. He was treated by EMS personnel, and tests that they performed recorded signs of Smith's continuing heartbeat. He was not pronounced dead until 52 minutes after he was admitted to the hospital. Based on the record before it, the Court is unable to conclude that Smith was unconscious and therefore unable to sense pain after he was struck. That issue is one for the trier of fact to resolve.

Because there remain genuine issues of material fact, defendants are not entitled to summary judgment as a matter of law. Accordingly, the Court DENIES defendants' motion.

New Orleans, Louisiana, this <u>6th</u> day of June, 2008.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE